**Affirmed and Memorandum Opinion filed February 19, 2015.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-13-00850-CV

---

### THE ESTATE OF MARGARET E. KLOVENSKI, JAKE KLOVENSKI, AND MARY HASSLER, INDIVIDUALLY AND AS NEXT FRIENDS, Appellants

### V.

### ASHISH KAPOOR, M.D., Appellee

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2009-31943**

---

## M E M O R A N D U M   O P I N I O N

This healthcare liability case is governed by Texas Civil Practice and Remedies Code chapter 74. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001-.507 (Vernon 2011 & Supp. 2014). Appellants Jake Klovenski and Mary Hassler, individually and on behalf of the Estate of Margaret E. Klovenski, brought wrongful death and survival claims against appellee Dr. Ashish Kapoor, alleging that Dr. Kapoor failed to diagnose cancer in Margaret E. Klovenski. In a single

issue, appellants contend that the trial court erred in granting summary judgment in Dr. Kapoor's favor based on expiration of the limitations period. We affirm.

## BACKGROUND

Appellants sent Dr. Kapoor notice of their healthcare liability claims on March 6, 2009, and filed suit on May 20, 2009. According to appellants' petition, Dr. Kapoor was Ms. Klovenski's physician. Ms. Klovenksi complained to Dr. Kapoor on December 12, 2006, about a mass in her left thigh. Dr. Kapoor assured Ms. Klovenski that the mass was not problematic and did not require medical attention. Ms. Klovenski continued to experience pain. She complained to Dr. Kapoor on December 28, 2006, January 15, 2007, February 20, 2007, and March 21, 2007. On each occasion, Dr. Kapoor assured Ms. Klovenski that she had nothing to worry about and that the mass did not require medical attention. Appellants allege that another physician subsequently determined that the mass in Ms. Klovenski's thigh was cancerous. Ms. Klovenksi died of cancer on June 23, 2007. Appellants assert that Dr. Kapoor acted negligently in failing to diagnose, treat, and advise Ms. Klovenski of her cancer, and that Dr. Kapoor's negligence proximately caused Ms. Klovenski's death.

Dr. Kapoor denied appellants' allegations and pled limitations as an affirmative defense. Appellants thereafter served Dr. Kapoor their expert report.[1]

Appellants' expert stated the allegations she relied on in her report. These

---

[1] This court twice has considered the sufficiency of appellants' expert report. *See Kapoor v. Estate of Klovenski*, No. 14-11-00118-CV, 2012 WL 8017139 (Tex. App.—Houston [14th Dist.] Feb. 16, 2012, no pet.) (mem. op.); *Kapoor v. Estate of Klovenski*, No. 14-09-00963-CV, 2010 WL 3721866 (Tex. App.—Houston [14th Dist.] Sept. 23, 2010, no pet.) (mem. op.). We determined that the trial court acted within its discretion in concluding that the expert report, as amended, satisfied the requirements of Texas Civil Practice and Remedies Code section 74.351. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon 2011); *Kapoor*, 2012 WL 8017139, at *10.

allegations are substantially more detailed than the allegations stated in appellants' petition. The expert report states that Dr. Kapoor saw Ms. Klovenski on December 12, 2006, December 28, 2006, January 15, 2007, February 20, 2007, and March 20, 2007. The report states that, on March 20, 2007, Dr. Kapoor did not diagnose Ms. Klovenski's cancer. According to the report, Ms. Klovenski visited Dr. Pulin Pandya and Dr. William Kent Johnson that same day. The report states that both Dr. Pandya and Dr. Johnson immediately diagnosed the mass in Ms. Klovenski's left thigh as cancer. The petition alleges none of these details. It states, in contrast to the expert report, that Ms. Klovenski visited Dr. Kapoor on March 21, 2007; the petition makes no mention of March 20, 2007.

Dr. Kapoor filed a traditional and no-evidence summary judgment motion, arguing that appellants' claims are barred by the statute of limitations because appellants did not send notice of their claims or file suit within two years of February 20, 2007. Dr. Kapoor asserted that appellants had no evidence that he breached a duty to diagnose, treat, or advise Ms. Klovenski of her cancer on March 21, 2007, which is the date of the office visit immediately after the February 20, 2007 office visit alleged in the petition.

Dr. Kapoor filed summary judgment evidence regarding Ms. Klovenski's relevant medical visits. He filed his typed and handwritten notes from Ms. Klovenski's visits to his office on December 12, 2006, December 28, 2006, January 15, 2007, February 20, 2007, and March 21, 2007. Dr. Kapoor's notes from Ms. Klovenski's March 21, 2007 visit state:

> The patient states last Friday she developed huge swelling of the left thigh area on lateral aspect since last 2 weeks. She went to see Dr. Pulin Pandya, her urologist. and was told to see Dr. Kent Johnson for stat. consultation yesterday. The patient saw Dr. Kent Johnson yesterday and had a stat. MRI of the left thigh, which shows possible

3

rhabdomyosarcoma.[2] CT of the chest, abdomen, and pelvis was done which shows possible liver metastasis. I discussed these results with patient and patient's son Mr. Klovenski in detail. I discussed case with Dr. Kent Johnson. He suggested patient to see Dr. Rex Marco, an orthopedic doctor for biopsy and further treatment of possible rhabdomyosarcoma. I made appointment for patient to see Dr. Rex Marco, earliest appointment that could be made was for 03/27/07 at 2:00 p.m.

Dr. Kapoor also filed Dr. Pandya's and Dr. Johnson's notes regarding Ms. Klovenski's visits to their respective offices on March 20, 2007. Dr. Johnson's notes state that he observed a mass in Ms. Klovenski's left thigh that "most likely represent[s] a sarcoma such as rhabdomyosarcoma."

Appellants filed a summary judgment response. They stated in their response: "The relevant medical records from Dr. Kapoor with respect to his treatment of [Ms. Klovenski] from December 12, 2006 to March 21, 2007, are already before the [c]ourt." Additionally, appellants attached Jake Klovenski's and Mary Hassler's deposition transcripts as evidence. Appellants stated: "To the extent that the [c]ourt may have any questions [regarding] (1) [Ms. Klovenski's] continuing complaints about the mass growing in her left thigh and (2) her repeated efforts to have [Dr. Kapoor] diagnose and treat the mass in her thigh, [appellants] have attached hereto the sworn depositions of [Ms. Klovenski's] two children." Appellants did not otherwise cite the deposition transcripts in their response. Appellants did not explain the discrepancies between the allegations stated in their expert report and the doctors' notes filed as summary judgment evidence.

The trial court granted Dr. Kapoor's motion for summary judgment, and signed a final judgment dismissing appellants' claims on June 19, 2013.

---

[2] Appellants' expert explained in her report that a sarcoma, including a rhabdomyosarcoma, is a form of cancer.

Appellants timely appealed.

Appellants filed their appellate brief on June 4, 2014,[3] and Dr. Kapoor filed his brief as appellee on July 21, 2014. Appellants did not timely file a reply brief *See* Tex. R. App. P. 38.6(c). The case was submitted without oral argument on December 2, 2014. *See* Tex. R. App. P. 39.

### STANDARD OF REVIEW

We review a summary judgment *de novo*. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional summary judgment motion, the movant must show that there is no genuine issue of material fact and that judgment should be granted as a matter of law. Tex. R. Civ. P. 166a(c); *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). When a defendant moves for traditional summary judgment, it must either (1) disprove at least one essential element of the plaintiff's cause of action, or (2) plead and conclusively establish each essential element of an affirmative defense. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

Once the movant produces evidence establishing its entitlement to summary judgment, the burden shifts to the nonmovant to raise a genuine issue of material

---

[3] We note that appellants, two individuals and an estate, perfected their appeal through counsel, William V. Wade. After filing appellants' brief, however, Mr. Wade was suspended from the practice of law. The State Bar of Texas furnished this court with a copy of its order that requires Mr. Wade to verify with the State Bar of Texas that he has informed all clients that he has been actively suspended for one year beginning September 1, 2014, with a probated suspension for an additional 30 months. Since that time, none of appellants have asked this court to abate these proceedings for the purpose of obtaining substitute counsel. We, thus, decide this case on the matters properly before the court.

5

fact precluding summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). To determine if the nonmovant has raised a genuine issue of fact, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Fielding,* 289 S.W.3d at 848. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002).

"After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." Tex. R. Civ. P. 166a(i). Where, as here, a trial court grants a summary judgment involving both no-evidence and traditional grounds, we usually address the no-evidence grounds first. *See PAS, Inc. v. Engel*, 350 S.W.3d 602, 607 (Tex. App.—Houston [14th Dist.] 2011, no pet.). "However, where the appellate court concludes that it is required to affirm the trial court's ruling on summary judgment on traditional grounds, it need not address or review the no-evidence grounds." *Wilkinson v. USAA Fed. Sav. Bank Trust Servs.*, No. 14-13-00111-CV, 2014 WL 3002400, at *5 (Tex. App.— Houston [14th Dist.] July 1, 2014, pet. denied) (mem. op.) (affirming summary judgment on traditional grounds, without considering alternative no-evidence grounds, where evidence conclusively proved defendants were entitled to judgment as a matter of law).

ANALYSIS

In a single issue, appellants contend that summary judgment is improper based on expiration of the limitations period. We analyze summary judgment under the traditional standard because the summary judgment evidence conclusively proves Dr. Kapoor's affirmative defense of limitations.

## I. The summary judgment evidence conclusively establishes that Dr. Kapoor diagnosed Ms. Klovenski's cancer on March 21, 2007.

We first address appellants' factual contentions. Appellants assert on appeal that "Ms. Klovenski, for the first time, was properly diagnosed with cancer in her left thigh by two other physicians, Dr. Kent Johnson and Dr. Pulin Pandya, on or about March 21, 2007, subsequent to her fifth visit to [Dr. Kapoor]." Appellants also assert that Dr. Kapoor "never made a proper cancer diagnosis that would have triggered appropriate treatment." Appellants do not cite the record for either statement.

We determine that the summary judgment evidence conclusively establishes that Dr. Kapoor diagnosed Ms. Klovenski with cancer on her fifth visit on March 21, 2007, after Ms. Klovinski visited Dr. Pandya and Dr. Johnson on March 20, 2007. Dr. Kapoor filed notes from Ms. Klovenski's visits to his office on December 12, 2006, December 28, 2006, January 15, 2007, February 20, 2007, and March 21, 2007. Dr. Kapoor also filed notes from Ms. Klovenski's visits to Dr. Pandya and Dr. Johnson on March 20, 2007. Dr. Kapoor's notes from March 21, 2007, state that Ms. Klovenski visited his office after she had visited Dr. Pandya and Dr. Johnson the previous day. Dr. Kapoor's notes also state that Ms. Klovenski "had a stat. MRI of the left thigh, which shows possible rhabdomyosarcoma" and that "CT of the chest, abdomen, and pelvis was done which shows possible liver metastasis." Dr. Kapoor's notes indicate that he

referred Ms. Klovenski for further cancer treatment.

Appellants did not dispute Dr. Kapoor's, Dr. Pandya's and Dr. Johnson's notes or file controverting summary judgment evidence. Appellants asserted in their summary judgment response: "The relevant medical records from [Dr. Kapoor] with respect to his treatment of [Ms. Klovenski] from December 12, 2006 to March 21, 2007, are already before the Court." Appellants did not assert that Ms. Klovenski visited Dr. Kapoor on March 20, 2007. Appellants filed Jake Klovenski's and Mary Hassler's deposition transcripts, but did not cite the transcripts in their response. Appellants stated that the transcripts should be used "[t]o the extent that the [c]ourt may have any questions." On appeal, appellants do not cite any summary judgment evidence including the deposition transcripts and do not assert that Ms. Klovenski visited Dr. Kapoor more than once in March 2007. *See* Tex. R. App. P. 38.1(g) (appellant's facts statements must be supported by record references); *Madeksho v. Abraham, Watkins, Nichols & Friend*, 57 S.W.3d 448, 453 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (refusing to search record for uncited summary judgment evidence supporting appellants' position); *see also Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.) (same).

We conclude that Dr. Kapoor's, Dr. Pandya's, and Dr. Johnson's notes, filed as summary judgment evidence, conclusively establish that Dr. Kapoor diagnosed Ms. Klovenski's cancer on her fifth visit on March 21, 2007, after Dr. Pandya and Dr. Johnson had previously diagnosed Ms. Klovenski's cancer on March 20, 2007.[4]

---

[4] To the extent appellants argue that Dr. Kapoor did not diagnose Ms. Klovenski's cancer because he relied on Dr. Pandya's and Dr. Johnson's earlier diagnosis, we reject this argument. Dr. Kapoor's notes reflect his individual determination that the MRI and CT scan showed cancer. Moreover, appellants are not pursuing a medical negligence claim based on Dr. Kapoor's alleged

8

## II.    The statute of limitations bars appellants' claims.

Texas Civil Practice and Remedies Code section 74.251, which contains the statute of limitations on health care liability claims, measures the limitations period from one of three dates: (1) the occurrence of the breach or tort; (2) the last date of the relevant course of treatment; or (3) the last date of the relevant hospitalization. Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a) (Vernon 2011); *Shah*, 67 S.W.3d at 841. A plaintiff may not choose the most favorable date that falls within section 74.251(a)'s categories. *Shah,* 67 S.W.3d at 841. If the date of the breach or tort is ascertainable, limitations begin to run on that date and inquiry into the second and third categories is unnecessary. *Id.*

A person asserting a healthcare liability claim must give written notice of the claim to the physician at least 60 days before filing suit. Tex. Civ. Prac. & Rem. Code Ann. § 74.051(a) (Vernon 2011). Notice given in accordance with section 74.051(a) tolls the limitations period for 75 days. *Id.* § 74.051(c) (Vernon 2011). Notice, however, cannot extend a limitations period which already has expired. *De Checa v. Diagnostic Ctr. Hosp., Inc.*, 852 S.W.2d 935, 938 n.4 (Tex. 1993).

Appellants assert that their claims were filed timely because they filed their lawsuit within 75 days of sending notice of their claims to Dr. Kapoor on March 6, 2009, which is within two years of March 21, 2007. *See* Tex. Civ. Prac. & Rem.

---

failure to independently diagnose cancer after Dr. Pandya and Dr. Johnson diagnosed Ms. Klovenski's cancer. Appellants' expert relied on allegations that Ms. Klovenksi visited Dr. Kapoor on March 20, 2007, before she visited Dr. Pandya and Dr. Johnson. These allegations differ from the facts conclusively established by the summary judgment evidence. Appellants' expert opined that Dr. Kapoor violated a standard of care by failing to diagnose cancer when it was undiagnosed by any doctor; appellants' expert did not consider whether Dr. Kapoor violated a standard of care by failing to independently diagnose cancer after other doctors had diagnosed cancer. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 879 (Tex. 2001) (expert report must inform defendant of the specific conduct plaintiff has called into question).

Code Ann. §§ 74.051(c), 74.251(a). They argue that if the limitations period is measured from the occurrence of the breach or tort, then the limitations period should run from March 21, 2007, because that is the last day Dr. Kapoor failed to diagnose Ms. Klovenski with cancer. Alternatively, appellants argue that, if the date of Dr. Kapoor's breach or tort is unascertainable, then the limitations period should run from March 21, 2007, because that is the last day Dr. Kapoor continuously treated Ms. Klovenski.

We determine that the dates of Dr. Kapoor's alleged breaches are ascertainable; therefore, we measure limitations from the occurrences of the alleged breaches. *See Shah*, 67 S.W.3d at 841. The failure to diagnose or treat a medical condition does not establish a course of treatment. *See Bala v. Maxwell*, 909 S.W.2d 889, 892 (Tex. 1995); *Rowntree v. Hunsucker,* 833 S.W.2d 103, 105-06 (Tex. 1992). ("While the failure to treat a condition may well be negligent, we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment."). Dr. Kapoor's alleged negligence for failure to diagnose, treat, and advise Ms. Klovenski of her cancer could have occurred only on the days Dr. Kapoor examined Ms. Klovenski; those days are readily ascertainable. *See Shah*, 67 S.W.3d at 844 (doctor's failure to provide follow-up treatment could have occurred only on check-up visits when doctor had an opportunity to order follow-up treatment); *Husain v. Khatib*, 964 S.W.2d 918, 919-20 (Tex. 1998) (doctor's failure to take action to diagnose and treat cancer could have occurred only during office visits); *Bala*, 909 S.W.2d at 892 (same).

Dr. Kapoor failed to diagnose, treat, or advise Ms. Klovenski of her cancer on her office visits on December 12, 2006, December 28, 2006, January 15, 2007, and February 20, 2007. The limitations period for appellants' medical negligence claims began to run on each of these dates. *See Shah*, 67 S.W.3d at 844 (the

10

limitations period began to run after each visit the doctor did not order follow-up treatment, as required by the alleged standard of care). Appellants did not file notice of their claims or their lawsuit within two years of any of these dates; therefore, their medical negligence claims are barred by limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a); *Husain*, 964 S.W.2d at 920; *De Checa*, 852 S.W.2d at 938 n.4.

The summary judgment evidence conclusively establishes that Dr. Kapoor diagnosed, treated, and advised Ms. Klovenski of her cancer on March 21, 2007. Therefore, Dr. Kapoor was not negligent under appellants' alleged standard of care for failure to diagnose, treat, and advise Ms. Klovenski of her cancer on March 21, 2007. We do not measure limitations from this date. *See Husain*, 964 S.W.2d at 920 (doctor was not negligent on a later date when he ordered the diagnostic test the alleged standard of care required him to order, even though he was negligent on an earlier date for failing to order the required test; the limitations period ran from the earlier date, not the later date); *Bala*, 909 S.W.2d at 891-92 (same).

Appellants rely on *Chambers v. Conaway*, 883 S.W.2d 156 (Tex. 1993), in which the Supreme Court of Texas held that the limitations period for a failure-to-diagnose medical negligence claim ran from the date the patient last visited the doctor. *Id.* at 158. In *Chambers*, the doctor never diagnosed his patient with cancer; therefore, the doctor breached the alleged standard of care on the patient's last visit by failing to diagnose the patient on that visit. *Id.* at 157-58. Unlike the doctor in *Chambers*, Dr. Kapoor did not breach the alleged standard of care on Ms. Klovinski's last visit. The summary judgment evidence conclusively establishes that on March 21, 2007, Dr. Kapoor diagnosed, treated, and advised Ms. Klovenski of her cancer.

Appellants sent notice of their claims on March 6, 2009, a date more than

two years after February 20, 2007, which is the last date Dr. Kapoor could have breached the standard of care as asserted by appellants. The summary judgment evidence conclusively establishes that Dr. Kapoor was not negligent on Ms. Klovenski's visit on March 21, 2007. Appellants filed suit on May 20, 2009. We conclude that summary judgment in Dr. Kapoor's favor is proper because appellants sent notice of their claims and filed suit after the limitations period had expired. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.051(c), 74.251(a); *De Checa*, 852 S.W.2d at 938 n.4.

## CONCLUSION

Having overruled appellants' sole issue, we affirm the trial court's judgment.

/s/  William J. Boyce
    Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.